## CIRCUIT COURT OF THE CITY OF RICHMOND

Larry J. Neblett

v.

Industrial Alloy Fabricators, Inc.

July 6, 1994

Case No. LW-2759-3

BY JUDGE T. J. MARKOW

This matter came before the Court on June 23, 1994, upon defendant's motion for summary judgment, and arguments of the parties were heard and submissions received. Counsel for the defendant made a unilateral filing after the hearing which the Court has ignored, as it was unsolicited and plaintiff had no opportunity for response.

Upon consideration whereof, the Court finds that plaintiff premises his wrongful discharge action solely on Va. Code § 34-29(f), which provides that "[n]o employer may discharge any employee by reason of the fact that his earnings have been subjected to garnishment of any one indebtedness." (Although the Motion for Judgment asserts that the action is based on "Virginia Code § 8.01-34(f)," a statute which does not exist, plaintiff's counsel informs the Court that this citation was in error and that the statute on which plaintiff intends to rely is Va. Code § 34-29(f)).

The Court finds further that plaintiff admits in responses to defendant's requests for admission that during his employment with defendant, two garnishment summonses were issued by the County of Henrico General District Court, which summonses named plaintiff as the judgment debtor and defendant as the garnishee. Plaintiff further admits that the two garnishment summonses were issued on behalf of different judgment creditors. Finally, plaintiff admits that during his employment with the defendant, the City of Richmond Juvenile and Domestic Relations District Court issued an employer's payroll deduction order for support in which plaintiff was the named respondent and the defendant was the named employer.

The Court finds that plaintiff's admissions show that he cannot prove essential elements of his wrongful discharge claim. Va. Code § 34-29(f), the statute on which plaintiff's action is predicated, should be strictly construed according to its terms because it is in derogation of the common law rule that an employer may discharge an employee at any time for any reason or for no reason at all without incurring liability for wrongful discharge. The statute defines "garnishment" as "any legal or equitable procedure through which the earnings of any individual are required to be withheld for payment of any debt." Va. Code § 34-29(d)(3). The Court finds that the garnishment summonses served on the defendant constituted a legal procedure through which the plaintiff's earnings were required to be withheld for the payment of more than one indebtedness. The fact that at least one of the garnishments was later vacated because it was based on a void judgment is of no import. The garnishments issued to defendant constituted a legal procedure which defendant, as garnishee, was not free to ignore. Accordingly, the Court finds that as a matter of law, plaintiff's wrongful discharge action based on Va. Code § 34-29(f) fails in that plaintiff's earnings were subject to garnishment for more than one indebtedness during the course of his employment with defendant.

Therefore, it is ordered that defendant's motion for summary judgment is sustained and that plaintiff's motion for judgment against defendant is dismissed with prejudice.